# Exhibit A

| Blount County Circuit Court | STATE OF TENNESSEE CIVIL SUMMONS Page 1 of 1 | Case Number L-19041 |
|---|---|---|

*Kelli Johnson, et. al. v. CSX Transportation, Inc.*

Served On:

| CSX Transportation, Inc. | c/o Registered Agent: Corporate Creations Network, Inc. 205 Powell Place Brentwood, TN 37027-7522 | DEFE... COPY |
|---|---|---|

You are hereby summoned to defend a civil action filed against you in Blount County General Sessions Court. Your defense must be made within thirty (30) days from the date of this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the Petitioner's attorney at the address listed below. If you fail to do so, judgment by default may be rendered against you for the relief demanded in the petition.

Issued: July 10 2015          By: _____
                                         Clerk / Deputy Clerk

Attorney for Petitioner:   Kevin W. Shepherd
                           200 E. Broadway Avenue, Suite 410, Maryville, TN 37804

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE RESPONDENT(S): Tennessee law provides a ten thousand ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in T.C.A. § 26-2-301. If a judgement should be entered against you in this action and your wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:   Thomas Hatcher, Clerk
                926 E. Lamar Alexander Parkway
                Maryville, TN 37804

### CERTIFICATION (IF APPLICABLE)

I, Thomas Hatcher, Blount County Clerk do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____         _____
                                      Clerk / Deputy Clerk - Blount County Circuit Court

OFFICER'S RETURN: Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons with the complaint as follows:

Date: _____   By: _____

RETURN ON SERVICE OF SUMMONS BY MAIL: I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above-styled case, to the Respondent _____. On _____, I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

_____        _____
                                       Notary Public/Deputy Clerk (Comm. Expires_____)

Signature of Plaintiff                 Plaintiff's Attorney (or person authorized to serve process)

# IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE

KELLI JOHNSON AND AARON JOHNSON, Wife and Husband,

Individually and as
representatives for
all those similarly situated

v.

CSX TRANSPORTATION, INC., a Virginia Corporation,

Defendant

Case No.: L-19041

RECEIVED

3:10 pm FILED
JUL 1 0 2015
TOM HATCHER
CIRCUIT COURT CLERK

## CLASS ACTION COMPLAINT

Plaintiffs, by and through counsel, on behalf of themselves and all others similarly situated, allege as follows against Defendant:

## NATURE OF THE ACTION

1. This is a class action seeking compensatory damages pursuant to Tenn. R. Civ. P. 23.02(3) for each Plaintiff individually, and as representatives of the class described herein. This action includes evacuation related damages for residents who were precluded from using their properties as a result of a mandatory evacuation as more fully described below.

2. Plaintiffs allege that Defendant was negligent and caused a nuisance resulting in evacuation. This arose out of a derailment of the CSX train that occurred in Maryville, Tennessee on the early morning of July 2, 2015 (hereinafter "the Incident").

CLASS ACTION COMPLAINT - 1

3. Plaintiffs allege that Defendant was engaging in an ultra-hazardous activity in the storage and shipping of acrylonitrile, a hazardous chemical, and other hazardous chemicals, and is strictly liable therefore.

## PARTIES

4. Named as Plaintiffs, and as class representatives, herein are persons of full legal capacity and domiciled in Maryville, Tennessee.

5. Plaintiffs appear in their individual capacity and as representatives of a class as more fully set forth herein.

6. Plaintiff, Kelli Johnson ("Ms. Johnson") is a resident of the State of Tennessee and resides in Maryville, Tennessee in Blount County. Plaintiff Ms. Johnson has a possessory interest in the aforementioned real property.

7. Plaintiff, Aaron Johnson ("Mr. Johnson") is a resident of the State of Tennessee and resides in Maryville, Tennessee in Blount County. Mr. Johnson has a possessory interest in the aforementioned real property.

8. In addition to the above named Plaintiffs, it is further alleged that over five thousand residents of Maryville, Tennessee, most of whom at this time are unknown and therefore unnamed, were damaged in one or more ways as herein alleged, who as this class action progresses will be identified, and are in fact contemplated members of the class of persons, whom this action seeks to protect.

9. Defendant CSX Transportation Inc. ("Defendant CSX") is a Virginia corporation licensed to conduct business in Tennessee. Defendant CSX's principal place of business is located in Jacksonville, Florida, and may be served through their registered agent, Corporate Creations Network INC., 205 Powell Pl. Brentwood, TN 37027-7522.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this class action pursuant to T.C.A. § 20-2-201 ("Foreign Corporations") and T.C.A. § 20-2-223 ("Personal Jurisdiction Based on Conduct"). Tennessee Code Ann. includes in the definition of "Person": "An individual, executor, administrator or other personal representative, or a corporation, partnership, association or any other legal or commercial entity, whether or not a citizen or domiciliary of this state and whether or not organized under the laws of this state (See T.C.A. § 20-2-221).

11. Venue is proper in Blount County because Plaintiffs and other putative class members reside here and suffered damages from the Incident, which occurred in Blount County. (See T.C.A. § 20-4-104).

## GENERAL FACTUAL ALLEGATIONS

12. Defendant CSX is a railroad transportation company that operates trains that carry goods throughout the United States. Included in the goods transported by Defendant CSX are hazardous materials, including a chemical substance called acrylonitrile, a chemical that is used in the production of acrylic and modacrylic fibers, which is in turn used for the production of plastics, surface coatings, nitrile elastomers, barrier resins, and adhesives. Defendant is strictly liable for the mishandling of this chemical.

13. Acrylonitrile is hazardous to humans. When humans are exposed to acrylonitrile the side effects include mucous membrane irritation, headaches, feelings of apprehension, nervous inability, low grade amnesia, leukocytosis, and mild jaundice. Additionally, an increased risk of lung cancer is associated with human exposure to acrylonitrile. Upon information and belief the residents were evacuated to prevent long term exposure to acrylonitrile.

14. Just after midnight on July 2, 2015, a CSX train, was traveling through eastern Tennessee. As the train passed through Maryville, Tennessee, a town located in Blount County, the train derailed.

15. The CSX train had fifty seven total cars, twenty seven of which were carrying hazardous materials. Nine of the cars were carrying acrylonitrile.

16. A number of cars derailed, one of which was carrying twenty four thousand (24,000) gallons of acrylonitrile. When this car derailed, the acrylonitrile escaped into the air, exploded, and caused a massive fire.

17. Because hazardous chemicals, including acrylonitrile, had been spilled, an evacuation radius was established. By five o'clock am on July 2, 2015, the evacuation radius had to be extended to two miles because the acrylonitrile fire had continued to burn and hazardous chemicals continued to leak into the air.

18. At the time of the derailment and hazardous substance release and ensuing fire, the Class Representative Plaintiffs owned and resided at a property located within the evacuation zone. Ms. Johnson and Mr. Johnson also had two (2) minor children, who also resided at the property and also were also forced to evacuate.

19. At approximately four o'clock am (4:00 am) on July 2, 2015, the emergency responders advised Class Representative Plaintiffs that they must evacuate their home as a result of Defendant's conduct.

20. In total, more than five thousand (5,000) residents of Maryville, Tennessee who were similarly situated to the Class Representative Plaintiffs were also evacuated.

21. The evacuated residents, including the Class Representative Plaintiffs, had to leave their premises for an extended period of time. The evacuated residents could not attend work, go to

CLASS ACTION COMPLAINT - 4

school, or accomplish any other of their daily activities arising out of the use and enjoyment of their property.

22. The Class Representative Plaintiffs, and all those similarly situated, were unable to return to their homes until morning of July 4, 2015.

23. These evacuees, including Ms. Johnson and Mr. Johnson, were rendered "homeless" for an extended period of time and suffered consequential damages.

## CLASS ACTION ALLEGATIONS

24. This action is brought by Plaintiffs as representatives of all others similarly situated under the provisions of Rule 23, Tennessee R. Civ. P. The class of individuals who were evacuated from their homes as a result of the July 2, 2015 CSX train derailment and hazardous materials release is so numerous that joinder of all members is impractical. The Plaintiffs in the class share common questions of law and fact. The claims of the representative parties are typical of the claims or defenses of the class as a whole. The representative parties will fairly and adequately protect the interest of the class.

25. The geographic boundaries of the class defined below include certain sections of Maryville, Tennessee which were covered by an evacuation order from local emergency response officials issued in response to the Incident. This geographic area as described is also referred to as the "Affected Area."

26. The class so represented by Plaintiffs in this action, and of which Plaintiffs are themselves members, is defined as follows (hereinafter "Class"):

> All natural persons, whether minor or adult, including any person claiming by, through or under a Class Member, who were physically present in the Affected Area on or after the early hours of July 2, 2015, and who evacuated; and all natural persons, including minors and adults, who resided in the Affected Area or who had a possessory interest in any property in the Affected Area, but who were

CLASS ACTION COMPLAINT - 5

outside of the Affected Area on or after the early morning hours of July 2, 2015, and who were prevented from returning to their residences or accessing or using their property.

Excluded from the class are those persons who would otherwise be class members, but who or which are: (i) Defendant, or any of its employees, agents, insurers, contractors, and subcontractors, including employees of Defendant's agents, contractors or subcontractors, (ii) the Court, court personnel and their immediate families, (iii) the attorneys for any of the Parties and members of their law firms; (iv) making a claim for personal injury; and (v) Opt Outs.

27. This action does not seek recovery for personal injury damages allegedly incurred by any Class members.

28. Class Representative Plaintiffs reside within the Affected Area. During the early morning hours of July 2, 2015, the Class Representative Plaintiffs were advised by emergency responders that they had to evacuate their homes as a result of Defendant's conduct. Consequently, the Class Representative Plaintiffs followed the orders of the emergency responders and evacuated their home. The Class Representative Plaintiffs, because of the evacuation, did not return to their home until July 4, 2015. Consequently, the Class Representative Plaintiffs suffered damages.

29. Upon information and belief, a significant number of other residents of Maryville, Tennessee evacuated their homes, or were prevented from entering their homes, in response to the evacuation order in a similar fashion as the individual Plaintiffs. The exact number of members of the Class identified above is not precisely known, but it is estimated that the total number of all Class members exceeds five thousand (5,000). The Class is so numerous that joinder of individual members is impractical.

30. Common issues of law and fact predominate with respect to the issues raised herein. (See Rule 23.02, Tenn. R. Civ. P.) The only individual questions affecting individual members of the Class are the precise amount and measure of damages to which each Class member

CLASS ACTION COMPLAINT - 6

is entitled. There are numerous questions of law or fact common to the Class, including, but not limited to:

    i. Whether and to what extent the Defendant knew or should have known of the potential for the subject CSX train to derail;

    ii. Whether and to what extent the Defendant's conduct constitutes a private nuisance;

    iii. Whether and to what extent Defendant's activities cause them to be negligent or strictly liable;

    iv. Whether and to what extent Defendant was on notice of the dangers of derailment (there was a similar incident – CSX train derailment – that took place in February 2015 in West Virginia)

    v. Whether and to what extent Defendant's actions and omissions have caused loss of use and enjoyment of property; and

    vi. Whether the Plaintiffs and the Class are entitled to compensatory and/or punitive damages.

31. As residential property owners in the class area and/or as persons residing in the area who evacuated their homes in response to the evacuation order, Plaintiffs are situated similarly to all members of the Class with respect to the issues presented in this case. If Defendant's actions have harmed Plaintiffs, they have harmed the Class members in a common fashion.

32. The claims of the representative Plaintiffs are typical of the claims of the Class members. The claims of all members of the Class, including the Plaintiffs, depend on the showing that the acts and omissions of the Defendant gave rise to the rights of the Plaintiffs to the

CLASS ACTION COMPLAINT - 7

relief sought herein and in showing that the damages were caused by said acts and omissions of the Defendant.

33. A class action is the superior method for the fair and efficient adjudication of this controversy, because joinder of all Class members is impracticable. Whereas here, the size and nature of individual Class members' claims would allow few Class members to seek legal redress against Defendant for the wrongs complained of herein, a representative class action is both the appropriate vehicle by which to adjudicate these claims and is essential to the interests of justice. Furthermore, a class action regarding the issues in this case creates no significant problems of manageability. To the extent manageability problems do arise, the Court can use management tools such as sub-classing or certification of particular issues for class-wide treatment.

34. Plaintiffs can and will adequately represent and protect the interests of the Class and lack interests that conflict with or are antagonistic to the interests of other Class members.

35. Plaintiffs have retained attorneys competent and experienced in class actions, including class actions involving environmental issues, nuisance, evacuations, and evaluation of damages. Plaintiffs and their attorneys have adequate resources, experience and commitment to litigate this matter.

## COUNT I (Negligence)

36. Plaintiffs re-allege herein all of the above allegations as if set forth in full herein.

37. At all relevant times, Defendant had a duty to comply with federal and state regulatory standards, including the standards adopted and implemented by the United States Department of Transportation, Federal Railroad Agency (FRA), and the Pipeline and

Hazardous Materials Safety Administration (PHMSA), as well as industry standards governing the storage and handling of hazardous substances including acrylonitrile and any other hazardous substances that were being transported by the subject CSX train, and to prevent the spill and ignition into fire of such hazardous materials.

38. At all relevant times, Defendant had a duty to comply with federal and state regulatory standards, as well as industry standards, governing the conduct of process hazardous analyses (PHA's) and safety audits of the subject CSX train, and to evaluate and control the hazards involved including the storage of the substances on the train during the transportation process.

39. At all relevant times, Defendant had a duty to establish procedures and processes to ensure that the subject train was operated in a safe and reasonable manner and in such a way as to prevent derailment and the spill of the hazardous substances into the atmosphere.

40. At all relevant times, Defendant had a duty to refrain from operating the subject CSX train in a manner that would foreseeably cause harm to Plaintiffs and the other members of the Class.

41. Defendant knew, or in the exercise of reasonable care, should have known, of the serious consequences that a derailment and hazardous materials spill could have on the people in the surrounding community, including Plaintiffs and the Class, and including the potential that a mandatory evacuation could occur.

42. Defendant knew, or in the exercise of reasonable care, should have known, of the dangers associated with the storage, handling, and transportation of acrylonitrile and the other hazardous substances on the subject CSX train, and the possible adverse consequences of failing to properly maneuver the train or store the hazardous substances.

CLASS ACTION COMPLAINT - 9

43. Upon information and belief, Defendant breached the above duties and was negligent in one or more of the following ways:

   a. By failing to exercise reasonable care in protecting and preserving the rights and safety of persons residing in the vicinity of the train derailment;

   b. By failing to exercise reasonable care in the management, supervision and operation of the transportation process;

   c. By failing to exercise reasonable care in the process of the storage of hazardous materials;

   d. By failing to adequately train its employees to properly store and handle acrylonitrile, including the storage and handling acrylonitrile during the transportation process;

   e. By failing to keep, maintain and operate the subject CSX train in a safe manner, and to avoid the train derailing;

   f. By operating the subject CSX train in a manner that caused derailment;

   g. By storing the acrylonitrile and other hazardous substances in a manner in which they were able to spill, release, and start a fire;

   h. By failing to warn the Plaintiffs, and the Class they represent, of the hidden dangers and unsafe conditions present on the railroad tracks; and

   i. By acting or failing to act in other ways not fully set forth herein but as may be developed during further discovery in this action.

44. As a direct and proximate result of the negligence of the Defendant as hereinabove alleged, the Plaintiffs, and the Class of Plaintiffs they represent, were damaged as set forth herein and are entitled to recover damages from the Defendant.

CLASS ACTION COMPLAINT - 10

## COUNT II (Res Ipsa Loquitor)

45. Plaintiffs re-allege herein all of the above allegations.

46. At all times relevant, the subject CSX train was under the management and control of Defendant CSX.

47. The derailment, hazardous substance release, and ensuing fire as described above was such that in the ordinary course of things this would not occur.

48. The derailment and hazardous materials release arose from a lack of care by Defendant and Defendant is liable pursuant to the doctrine of *Res Ipsa Loquitur* for the damages suffered by Plaintiffs and the Class as set forth herein.

49. As a direct and proximate result of the foregoing as hereinabove alleged, the Plaintiffs, and the Class of Plaintiffs they represent, were damaged as set forth herein and are entitled to recover damages from the Defendant.

## COUNT III (Negligence Per Se)

50. Plaintiffs re-allege herein all of the above allegations.

51. Upon information and belief, Defendant violated Federal and State Codes and Regulations, and is negligent per se.

52. Upon information and belief, Defendant did breach and violate one or more Regulations by failing to ensure that the train was operated in a safe and controlled manner and was not derailed.

53. Upon information and belief, Defendant did breach and violate one or more Regulations by failing to store and transport the hazardous materials in a manner in which they would be kept safe from escaping into the airways and threatening public safety.

54. Additional violations will be added as discovery proceeds.

CLASS ACTION COMPLAINT - 11

Case 3:15-cv-00497 Document 2-1 Filed 11/06/15 Page 13 of 17 PageID #: 25

55. Any violations of Federal or State regulations constitutes negligence per se on the part of Defendant, making them strictly liable for the damages suffered by Plaintiffs and the Class as set forth herein, without further proof of negligence.

56. As a direct and proximate result of the foregoing regulatory violations of the Defendant as hereinabove alleged, the Plaintiffs, and the Class of Plaintiffs they represent, were damaged as set forth herein and are entitled to recover damages from the Defendant.

## COUNT IV (Private Nuisance)

57. Plaintiffs re-allege herein all of the above allegations.

58. As a direct and proximate result of Defendant's acts and/or omissions, Defendant did cause a disruption and invasion of the Plaintiffs' possessory interest in the private use and enjoyment of the property of Plaintiffs and the Class of Plaintiffs they represent by causing the evacuation.

59. Defendant actually performed the act, the train derailment and ensuing hazardous chemical release spill, and these acts were unreasonable, negligent, reckless or due to abnormally dangerous conditions or activities.

60. The interference with the use and enjoyment of the Plaintiffs' properties, and the properties of the Class they represent, proximately caused by Defendant was substantial and unreasonable, and resulted in an evacuation of Plaintiffs and Class Members.

61. As a direct and proximate result of the foregoing acts and/or omissions of the Defendant, which constitute a private nuisance, the Plaintiffs, and the Class of Plaintiffs they represent, have suffered significant harm and were damaged as set forth herein and are entitled to recover damages from the Defendant.

## COUNT V (Strict Liability For Ultrahazardous Activity)

CLASS ACTION COMPLAINT - 12

62. Plaintiffs incorporate by reference herein the aforementioned allegations.

63. Defendant engaged in an ultrahazardous activity by storing, handling and transporting acrylonitrile in a manner that resulted in the acrylonitrile being released into the atmosphere. As a result of this failure to store, handle, and transport the acrylonitrile in a safe manner, Defendant caused a massive fire.

64. These ultrahazardous activities necessarily involve serious risk of harm to the person, land or chattels of another, and cannot be eliminated by the exercise of due care, nor are they a matter of common usage.

65. Defendant's activities were inappropriate, and they were carried out in a way that the dangers posed to the community far outweighed the value to the community affected.

66. As a direct result of Defendant's ultrahazardous activities, Defendant are strictly liable for the damages suffered by Plaintiffs and the Class as set forth herein.

67. As a direct and proximate result of the foregoing as hereinabove alleged, the Plaintiffs, and the Class of Plaintiffs they represent, were damaged as set forth herein and are entitled to recover damages from the Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray the Court as follows:

1. That after due proceedings, this action be certified as a class action;

2. That in due course, this action proceed as a class action, pursuant to the above named provisions, to judgment as therein provided in favor of Plaintiffs, and the Class Plaintiffs represent, and against Defendant;

3. That Plaintiffs, and the Class Plaintiffs represent, have and recover damages from the Defendant pursuant to the claims for relief set out in this Complaint;
CLASS ACTION COMPLAINT - 13
Case 3:15-cv-00497 Document 2-1 Filed 11/06/15 Page 15 of 17 PageID #: 27

4. That Plaintiffs, and the Class Plaintiffs represent, have and recover pre-judgment and post-judgment interest at the maximum legal rate;

5. That the Plaintiffs, and the Class Plaintiffs represent, have and recover attorney's fees as allowed by law;

6. That the Plaintiffs, and the Class Plaintiffs represent, have and recover the costs of this action as allowed by law; and

7. For such other and further relief as the Court deems just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted this the 10 day of July, 2015.

*Kevin W. Shepherd*
KEVIN W. SHEPHERD (012791)
Attorney for Plaintiffs
200 E. Broadway Avenue, Suite 410
Maryville, Tennessee 37804
(865) 982-8060

## COST BOND

We acknowledge ourselves as surety for costs in this cause in accordance with T.C.A. § 20-12-120.

*Kevin W. Shepherd*
KEVIN W. SHEPHERD

CLASS ACTION COMPLAINT - 14

OCT 29 2015